DECISION
Zachary P. Bowman, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas finding him guilty for failure to stop after an accident, a violation of R.C. 4549.02.
On July 17, 2000, an accident occurred on Arnsby Road in Franklin County, Ohio. Tanya Cordial, a witness, testified during appellant's trial stating she saw Harold Sayre hit his head on the pavement after he attempted to climb out of a pick-up truck being driven by appellant. Cordial testified she saw the truck come to a rolling stop after she heard Sayre say "I want out of here." Cordial also testified Sayre had "his hands on the side of the bed of the truck and with his foot up on the bed like he was going to jump out" when she saw the truck speed up. Cordial stated Sayre "flipped and fell backwards and hit the road." Cordial also stated the truck did not initially stop, but instead "just kept going down to the end of the road and then they stopped." Cordial further testified the "truck stayed at the end of the road * * * for about five minutes and then came back up for not even a minute * * *." According to a statement made to the police, Cordial stated the driver of the truck said "[w]hy in the hell did he jump out for." Cordial wrote that the driver then said "I have to go get [Sayre's] mom," but never returned.
Cordial wrote down the truck's license plate number and gave it to the police. Sergeant Staggs, a sergeant with the Franklin County Sheriff's Office, testified the police were able to contact the owner of the truck through Cordial's description of the truck and the license plate number. According to Staggs, the owner of the truck told the police she had loaned the truck to appellant. Staggs testified he then contacted appellant and appellant told him:
 That he never intended for anyone to get hurt. He thought that he was going to be in a lot of trouble and that he was not the one that caused * * * the victim, to fall out of the truck, and he hid the vehicle because he thought that he would get caught and go to jail.
After appellant told the police where the truck was located, the police found the truck hidden on a logging trail in Perry County, Ohio.
Appellant was indicted by a grand jury for not remaining at the scene of an accident until he had provided his name, address, vehicle registration number, and name and address of the vehicle's owner. Appellant waived his right to a trial by jury and was found guilty by the trial court for violating R.C. 4549.02, a fifth-degree felony. The court found that "the victim jumped from the truck while the truck was moving and would not have sustained the injuries but for moving the truck." The trial court imposed a five-year period of community control supervision on appellant and a fine and/or financial sanction of $2,009.87. Appellant appeals his conviction and presents the following single assignment of error:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF VIOLATING R.C. § 4549.02, FAILURE TO STOP AFTER AN ACCIDENT, BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT SUCH A CONVICTION.
Appellant argues in his assignment of error that insufficient evidence was presented to support his conviction. Appellant argues he was not required to stop his vehicle pursuant to R.C. 4549.02 because Sayre voluntarily jumped out of the truck. Appellant also argues because of Sayre's actions, the accident was not "due to the driving or operation" of the truck pursuant to R.C. 4549.02.
"Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Smith (1997), 80 Ohio St.3d 89, 113, certiorari denied (1998),523 U.S. 1125, 118 S.Ct. 1811. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied 525 U.S. 1077, 119 S.Ct. 816. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id.
R.C. 4549.02 states:
 In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision and shall remain at the scene of such accident or collision until he has given his name and address and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, to any person injured in such accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in such accident or collision, or to any police officer at the scene of such accident or collision.
 In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in such accident or collision shall forthwith notify the nearest police authority concerning the location of the accident or collision, and his name, address, and the registered number of the motor vehicle he was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.
 If such accident or collision is with an unoccupied or unattended motor vehicle, the operator so colliding with such motor vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on said unoccupied or unattended motor vehicle.
"Pursuant to R.C. 4549.02, the relevant elements of the offense [failure to stop] are as follows: failing to stop and give name and address after operating a motor vehicle that is involved in [an accident or] collision on a public road." State v. Kyser (Aug. 10, 2000), Mahoning App. No. 98 CA 144, unreported.
A review of R.C. 4549.02 shows one of the purposes of the statute is to require individuals involved in traffic accidents to give sufficient information to allow law enforcement officials to contact that individual if an investigation is conducted of the accident. In the present case, there is no question among the parties that appellant failed to stop and give his name and address after the incident occurred. Additionally, appellant stipulated during trial that "this was an accident." Therefore, the central question is whether sufficient evidence was presented to show an accident or collision occurred "due to the driving or operation thereon of any motor vehicle."
Appellant claims the evidence presented at trial demonstrated Sayre voluntarily attempted to jump out of the truck appellant was driving and that appellant's actions had no bearing on Sayre's death. A review of the testimonies given by Leisha White, Brandi Franklin, Marshall Hutchinson, and Brandon Malone, all testifying on behalf of appellant, support appellant's version of the events. However, a review of Cordial's testimony shows it supports the theory that Sayre's death was caused by appellant accelerating at the time Sayre was attempting to jump out of the truck. Cordial testified she saw the truck slow down until it was "barely rolling down the street." She also testified when Sayre was attempting to jump out, "the truck sped up." During cross-examination, Cordial restated that Sayre "flipped off the side of the truck as the truck accelerated down the street."
Accordingly, after having reviewed the evidence in a light most favorable to the state, we find sufficient evidence was presented to support appellant's conviction. Based upon Cordial's testimony, a rational factfinder could have found proven beyond a reasonable doubt Sayre's injuries were due to appellant's operation of the motor vehicle. Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.